## J. F. DOUGLAS, ET AL., *v.* CITY OF OWENSBORO.

**Officer Failing to Settle and Perform Duty in Making Collections.**

> Where it is sought to recover from an officer money collected by him
> as such, or a breach of his duty in not making collections, the plain-
> tiff must aver facts, and not his conclusions from facts.

**Petition.**

> In a suit against an officer for failing to pay over fines collected, the
> petition must set out in detail the fines that had been collected; and if
> it is sought to hold him liable for failure of duty in collecting fines,
> the petition must aver facts showing a breach of duty in failing to
> collect.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 23, 1876.

OPINION BY JUDGE LINDSAY:

The demurrer to appellee's petition should have been sustained.
The averment is that certain fines and costs were placed in the
hands of Douglas, as marshal, "under proper process for collection
by the city judge of Owensboro, all of which he collected; and it
was his duty to collect and account for, and pay the money into
the hands of the treasurer of said city; * * * and the parties
against whom said fines were assessed were good and solvent, own-
ing property liable to execution in the county of Daviess of greater

value and amount than the amount of the fines assessed against them respectively."

The statement that the fines were placed in the hands of the marshal "under proper process" is not the averment of a fact, but of a legal conclusion. What is a proper process? Were the receipts given to the marshal writs of execution, or capias pro fines, or were they mere memorandums, made out by the county judge and handed to the officer? The petition is silent as to these questions; the pleader contents himself with stating his opinion to be that the processes were proper.

Then, further, it is evident that it is not meant to be averred that all of said fines had been collected. The language of the petition manifests a clear intention to charge that some of the fines were collected, and that the others ought to have been collected, because the parties against whom they were assessed were "good and solvent, owning property liable to execution in the county of Daviess of greater value and amount than the amount of the fines assessed against them respectively." The petition ought to set out in detail the fines that had been collected, and disclose facts showing a breach of duty in failing to pay over the amount of the same. It ought also to show wherein the marshal had violated the conditions of his bond, in failing to collect, or in failing to make due return of process.

Until the matters of complaint are thus definitely set out, the appellants cannot answer with safety, nor can the court understand from the pleadings the questions to be determined by the litigation. Nor is the petition good to the extent that it attempts to set up and rely on the marshal's settlement. The sum of money and the dates material to said settlement are not stated, but are left in blank, and then the prayer is for the recovery of said blank sums, with interest, etc. The answer of the surety is good, in denying that the bond sued on was either accepted or approved by the mayor of the city. If it were not accepted it is not a binding obligation, and cannot be made the foundation of an action.

The fact that it was recorded is evidence of its acceptance, but as it is not conclusive of the question, the failure of the surety to deny the immaterial averment of the petition on that subject does not render his answer defective. The answer of the principal is good to the extent that he pleads a set-off of $300 for fees due him for attending trials in the city court. He sets out facts showing that he is entitled under the ordinances of the city to said

amount, that the same has not been paid to him, and that it was omitted by mistake from his settlement.

Judgment *reversed* and cause remanded with instructions to sustain the demurrer to the petition, and to overrule the demurrers to the answer, and for further proper proceedings.

*Owen & Ellis, for appellants.    W. N. Sweeney, for appellee.*